IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GUILLERMO DE LA GARZA and VERONICA DE LA GARZA, | § § § § | |
| Plaintiffs, | § § § | |
| V. | § § | CIVIL ACTION NO. _____ |
| GEOVERA SPECIALTY INSURANCE COMPANY, | § § § § § | JURY DEMAND |
| Defendant. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant GeoVera Specialty Insurance Company files this Notice of Removal:

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

1.      On May 31, 2016, Plaintiffs Guillermo De la Garza and Veronica De la Garza filed this lawsuit in Cameron County, Texas, naming GeoVera Specialty Insurance Company ("GeoVera") as defendant.

2.      Plaintiffs served GeoVera with a copy of the Petition on or about June 24, 2016.

3.      GeoVera files this notice of removal within 30 days of receiving Plaintiffs' initial pleading. *See* 28 U.S.C. § 1446(b).  In addition, this Notice of Removal is being filed within one year of the commencement of this action. *See id.*

4.      As required by Local Rule 81 and 28 U.S.C. § 1446(a), simultaneously with the filing of this notice of removal, attached hereto as Exhibit "A" is an Index of Matters Being Filed. A copy of the Case Summary/Docket Sheet is attached as Exhibit "B."  A certified copy of Plaintiffs' Original Petition is attached as Exhibit "C," and a certified copy of the Civil Case Information Sheet is attached as Exhibit "D."  A certified copy of Citation issued to GeoVera

Specialty Insurance Company is attached as Exhibit "E," and Defendant GeoVera Specialty Insurance Company's Original Answer is attached as Exhibit "F."  The List of Counsel and Parties to the Case is attached as Exhibit "G." A copy of this Notice is also being filed with the state court and served upon the Plaintiffs.

5.      Venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and division embrace Cameron County, Texas, the place where the removed action has been pending.

## II.
## BASIS FOR REMOVAL

6.      Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a) and 1446.

**A.      The Parties Are Of Diverse Citizenship.**

7.      Plaintiffs are, and were at the time the lawsuit was filed, residents and citizens of Texas.

8.      GeoVera Specialty Insurance Company is, and was at the time the lawsuit was filed a citizen of California. GeoVera Specialty Insurance Company is an insurance company incorporated under the laws of the State of California, with its principal place of business in Fairfield, California.

9.      Because Plaintiffs are citizens of Texas and Defendant GeoVera is a citizen of California, complete diversity of citizenship exists among the parties.

**B.      The Amount in Controversy Exceeds $75,000.00.**

10.     Plaintiffs allege that Defendant is liable under a residential insurance policy because Plaintiffs made a claim under that policy and Defendant wrongfully adjusted and denied Plaintiffs' claim.  Specifically, but without limitation, Plaintiffs allege that Defendant GeoVera breached insurance policy number GH00007735, with a Dwelling Limit of $122,000.00, an

Other Structures Limit of $12,200.00, a Personal Property Limit of $61,000.00, and a Loss of Use Limit of $24,400.00, for the property located at 201 W. Iowa Ave., Harlingen, TX 78552-7840 (the property giving rise to the present dispute). *See* Exhibit "H," Nelson Declaration, attached hereto and fully incorporated herein by reference.

11.     Additionally, in determining the amount in controversy, the Court may consider policy limits, penalties, statutory damages, and punitive damages. *St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, 1999 WL 151667, at *2-3 (N.D. Tex. 1999) (finding sufficient amount in controversy in plaintiffs' case against the insurer for breach of contract, bad faith, violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.,* 75 F.Supp.2d 666, 668 (S.D. Tex 1999) (considering DTPA claims and the potential recovery of punitive damages as part of the amount in controversy). "Attorney's fees must be included in the calculation of the amount in controversy if the plaintiff would be able to recover them under a state statute …." *Gilman v. Arthur J. Gallagher & Co.,* No. H-09-2366, 2009 WL 5195956 at *10 (S.D. Tex. Dec. 21, 2009); *Consumer Credit Counseling Serv. of Greater San Antonio v. OneBeacon Lloyd's of Texas*, No. SA-06-CA-307, 2006 WL 2728906 at *3 (W.D. Tex. Aug. 23, 2006) (considering attorney's fees in its analysis of the amount in controversy); *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 200-02 (1933) (finding attorney's fees should be considered as part of the amount in controversy for purposes of federal diversity). Pre-suit demand letters are also evidence of the jurisdictional amount in controversy. *Molina v. Wal-Mart Stores Texas, L.P.*, 535 F.Supp.2d 805, 808 (W.D. Tex. 2008).

12.     Here, Plaintiffs' Original Petition alleges that Defendant is liable under various statutory and common law causes of action for actual damages, consequential damages, statutory

penalties and interest, treble damages, exemplary damages, court costs, and attorney's fees.  As such, Plaintiffs' alleged damages greatly exceed $75,000.00.

### Conclusion and Prayer

Accordingly, all requirements are met for removal under 28 U.S.C. §§ 1332 and 1441. Accordingly, GeoVera hereby removes this case to this Court for trial and determination.

Respectfully submitted,

*/s/ Rhonda J. Thompson*
RHONDA J. THOMPSON, ATTORNEY-IN-CHARGE
rthompson@thompsoncoe.com
State Bar No. 24029862
Southern District No.: 17055
ADRIENNE H. NELSON
anelson@thompsoncoe.com
State Bar No. 24069867
Southern District No.: 2276091
THOMPSON, COE, COUSINS & IRONS, LLP.
700 N. Pearl Street, 25th Floor
Dallas, Texas  75201
(214) 871-8200 - Telephone
(214) 871-8209 – Fax

**COUNSEL FOR DEFENDANT GEOVERA
SPECIALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 25th day of July, 2016, the foregoing pleading was served on the following counsel of record in accordance with the Federal Rules of Civil Procedure:

**<u>Via Electronic Filing and Email:</u>**
R. Kent Livesay
Law Offices of R. Kent Livesay, P.C.
2510 S. Veterans Blvd.
Edinburg, TX  78539
Telephone:  956.686.5776
Fax:  956.686.0050
Email:  <u>litigation@livesaylawfirm.com</u>
*Counsel for Plaintiff*


*/s/ Adrienne H. Nelson*
Adrienne H. Nelson